UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MATO DYDA,<br><br>Defendant. | 3:21-CR-30070-RAL<br><br>OPINION AND ORDER FOR AMENDED JUDGMENT ON RESTITUTION |

A grand jury indicted Defendant Mato Dyda for several crimes, including the sexual abuse of minor N.F. and sexually exploiting N.F. Doc. 32-1; see 18 U.S.C. § 2243 (sexual abuse of a minor); 18 U.S.C. § 2251(a) (sexual exploitation of a child by producing child pornography). Dyda ultimately pleaded guilty to sexually abusing N.F. and the charge for sexually exploiting her was dismissed. Doc. 49; Doc. 51-1; Doc. 59. Nevertheless, the factual basis statement for Dyda's plea agreement explained that two videos of Dyda sexually abusing N.F. were found on Dyda's phone. Doc. 53 at 3. Dyda also agreed in his plea agreement that he was "responsible for any appropriate restitution claims by the victims . . . for any of the offenses outlined in the indictment, even if a particular count is being dismissed pursuant to the terms of this plea agreement." Doc. 49 at 4–5.

N.F. and her family requested restitution for the costs they had incurred for N.F.'s counseling sessions and mileage to and from these sessions as well as restitution for future mileage and counseling costs. N.F. established that she had incurred $893.80 in mileage and counseling costs by the time of sentencing, and Dyda did not object to paying this amount in restitution. N.F.

1

also requested $1,388.40 in projected future costs for mileage and counseling. The $1,388.40 in future costs rests on the assumption that N.F., who is currently a sophomore in high school, will attend monthly counseling sessions until she graduates in May 2024. This Court ordered Dyda to pay the $893.80 N.F. had already incurred for mileage and counseling costs but left restitution open to determine whether N.F. was entitled to the $1,388.40 in future costs.

The government has now filed a brief in support of N.F.'s request for future costs, Doc. 87, and Dyda has filed a response, Doc. 88. Dyda does not quibble with the way N.F. calculated the $1,388.40 in future costs. Afterall, this calculation was based on the same mileage rate and copay amount used to establish the $893.80 in incurred therapy costs, an amount to which Dyda did not object. Rather, Dyda argues that awarding any costs for future counseling and mileage is too speculative because there is no way of knowing whether N.F. will continue to see a counselor for the remainder of her high school years.

Title 18 U.S.C. § 2259 makes restitution mandatory for certain federal crimes, including the sexual exploitation of a child. 18 U.S.C. § 2259(a). Section 2259 requires restitution in "the full amount of the victim's losses." 18 U.S.C. § 2259(b)(1). This means "any costs incurred, or that are reasonably projected to be incurred in the future," including "medical services relating to" psychiatric or psychological care and "necessary transportation." 18 U.S.C. § 2259(c)(2). The government must prove the amount of restitution by a preponderance of the evidence, and restitution is only appropriate "to the extent that the offense proximately caused a victim's losses."[1] United States v. Hoskins, 876 F.3d 942, 945–46 (8th Cir. 2017) (cleaned up and citation omitted).

---

[1] The sexual exploitation of N.F. under 18 U.S.C. § 2251 was one of the "offenses outlined in the indictment" for which Dyda agreed to pay restitution. Doc. 49 at 4–5. The government therefore relies on § 2259 in its brief, Doc. 87, and Dyda does not argue that § 2259 should not apply, Doc. 88. Regardless, N.F. could recover her future counseling and mileage costs even if § 2259 did not apply. Title 18 U.S.C. § 2248 makes restitution mandatory for certain federal crimes, including

2

"[A]s a general matter, it is well-established that mandatory restitution pursuant to § 2259 allows restitutionary damages for the future costs of therapy." Hoskins, 876 F.3d at 946; see also United States v. Burtum, 21 F.4th 680, 688–89 (10th Cir. 2021) (upholding district court's decision under § 2248 to award restitution for costs of future therapy sessions). Because "predicting future psychological damages is notoriously difficult," the Eighth Circuit only requires district courts "to make a reasonable estimate, not establish the victim's future treatment costs with certainty." Haskins, 876 F.3d at 946 (cleaned up and citation omitted).

The government has adequately shown that N.F. is entitled to $1,388.40 for future counseling sessions. Indeed, it is hardly surprising that N.F. will need future counseling because of Dyda sexually abusing her and filming this abuse with his phone. The victim impact statement from N.F.'s mother describes how she received a call from a guidance counselor at N.F.'s school concerning rumors of a picture or video of N.F. being circulated. Doc. 76 at 1. She explained that N.F. has developed anxiety about going to school because she is worried that other children will find out about what Dyda did to her. Doc. 76 at 1. N.F.'s mother said that the sexual assault caused N.F.'s grades to plummet and ruined her self-esteem. Doc. 76 at 1–2. Although counseling is helping N.F., her mother said that N.F. has a "long road ahead" and that she believes the trauma and hurt N.F. experienced "will never fully go away." Doc. 76 at 1–2. N.F. also submitted a statement from her counselor explaining that she was referred to therapy because of a sexual assault, that the focus of her treatment has been working through this trauma, that the "trauma continues to affect her day to day life," that her "anxiety is triggered in the school setting which has affected her grades," and that it is "likely that [N.F.] will be seen monthly through the

---

the sexual abuse of a minor. 18 U.S.C. § 2248(a). Like § 2259, § 2248 requires restitution in "the full amount of the victim's losses" including costs incurred for "medical services relating to" psychiatric or psychological care and "necessary transportation." 18 U.S.C. § 2248(b).

3

remainder of her high school years." Doc. 76 at 8. This record establishes by a preponderance of the evidence and with a reasonable degree of certainty that Dyda's sexual abuse and sexual exploitation of N.F. will cause her to incur $1,388.40 in future therapy and mileage costs. See Burtrum, 21 F.4th at 688–89 (affirming district court's award of restitution for costs of a year-and-a-half of weekly therapy sessions for victim of sexual abuse based on testimony from therapist); Hoskins, 876 F.3d at 946 (affirming district court's decision to award future medical costs for victim of child pornography offense based on victim impact statement, testimony from the victim's mother, and the documented expenses the victim already incurred).

For good cause, it is

ORDERED that Dyda pay N.F. or her family $2,282.20 in restitution. This figure represents the $893.80 in restitution already ordered combined with the $1,388.40 discussed in this order. It is further

ORDERED that payment of the total restitution and other criminal monetary penalties shall be due in regular quarterly installments of 50% of the deposits in Dyda's inmate trust account while he is in custody, or 10% of his inmate trust account while serving custody at a Residential Reentry Center. Any portion of the monetary obligation not paid in full before Dyda's release from custody shall be due in monthly installments of $200, such payments to begin 60 days following Dyda's release. It is further

ORDERED that the Probation and Pretrial Services Office prepare an amended judgment consistent with this order.

DATED this 28th day of June, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE